### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN MERRELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1450** |
| **1ST LAKE PROPERTIES, INC.** | **SECTION: "R"(2)** |

## ANSWER OF DEFENDANT 1ST LAKE PROPERTIES, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant 1st Lake Properties, Inc. ("Defendant") by its undersigned attorneys, files this Answer to the First Amended Complaint (the "Complaint") of Plaintiff Kevin Merrill, individually, and on behalf of all others similarly situated ("Plaintiff"), and in support thereof avers as follows:

### TABLE OF CONTENTS

The Table of Contents on page ii do not require a response. To the extent a response is required, Defendant denies any allegation in the Table of Contents.

### I.     PARTIES

1.      With regard to Paragraph 1, Defendant admits that Plaintiff purports to bring this action on behalf of himself and others. Defendant denies that class action treatment is appropriate and denies all other allegations in Paragraph 1. Defendant lacks sufficient information to answer the allegations in Paragraph 1 related to Plaintiff and therefore deny the same. Defendant denies any remaining allegations.

2.      Defendant admits that it is doing business in the State of Louisiana and that it maintains a place of business at 3925 North I-10 Service Road West, Metairie, Louisiana 70002. Defendant denies any remaining allegations.

### II.     JURISDICTION AND VENUE

3.      Paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that this Court has jurisdiction over the subject matter of this Complaint.

4.      Paragraph 4 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant admits that venue is proper in this Court.

### III.     FACTUAL BACKGROUND

#### a.   Defendant Collected and Stored the PII of Plaintiff and the Class

5.      Defendant states that the quoted webpage in footnote 1 speaks for itself.

6.      Defendant states that the quoted webpage in footnote 1 speaks for itself.

7.      Defendant states that the quoted webpage in footnote 1 speaks for itself.

8.      Defendant denies that it has any obligations other than those specifically imposed by law. Defendant lacks sufficient information to answer the remaining allegations in Paragraph 8 and therefore denies the same.

9.      Defendant admits that it receives information from tenants, but denies that it has any obligations other than those specifically imposed by law.

10.     Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

11.     Defendant states that the quoted webpage in footnote 8 speaks for itself. Defendant denies all other allegations in Paragraph 11.

#### b.   Defendant's Data Breach

12.     Defendant admits that it became aware of a security incident on or around December 25, 2021, but denies all other allegations in Paragraph 12.

13.     Defendant admits that it provided notification of the incident to the Office of the Maine Attorney General and admits that the quoted language appears in its notice

letters, a copy of which is available on the website of the Office of the Maine Attorney General. Defendant denies the remaining allegations in Paragraph 13.

14.    Paragraph 14 is denied.

15.    In response to Paragraph 15, Defendant states that the notification to the Office of the Maine Attorney General cited in footnote 9 speaks for itself and denies any characterization by Plaintiff of the notification. Defendant further states that Paragraph 15 contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

16.    In response to Paragraph 16, Defendant states that the notification to the Attorney General of Texas cited in footnote 10 speaks for itself and denies any characterization by Plaintiff of the notification. Defendant denies any remaining allegations.

17.    Paragraph 17 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

18.    Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

19.    In response to Paragraph 19, Defendant states that the notification to the Office of the Maine Attorney General cited in footnote 11 speaks for itself and denies any characterization by Plaintiff of the notification. Defendant denies all other allegations in Paragraph 19.

20.    Defendant admits that it offered free credit monitoring and $1 million in identity theft insurance to potentially impacted individuals but denies the remaining allegations in Paragraph 20.

21.    Paragraph 21 contains legal conclusions to which no answer is required.

To the extent an answer is required, Defendant denies the allegations.

### c.   Plaintiff's Experiences and Injuries

22.    Defendant admits that Plaintiff was previously a tenant at a property managed by Defendant. Defendant lacks sufficient information to answer the remaining allegations in Paragraph 22 and therefore deny them.

23.    Defendant admits that Plaintiff provided certain information to Defendant. Defendant lacks sufficient information to answer the remaining allegations in Paragraph 23 and therefore denies them.

24.    Defendant lacks sufficient information to answer the allegation in Paragraph 24 and therefore denies it.

25.    Defendant lacks sufficient information to answer the allegation in Paragraph 25 and therefore denies it.

26.    Defendant lacks sufficient information to answer the allegation in Paragraph 26 and therefore denies it.

27.    Defendant lacks sufficient information to answer the allegation in Paragraph 27 and therefore denies it.

28.    Paragraph 28 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

29.    Paragraph 29 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations.

30.    Defendant lacks sufficient information to answer the allegation in Paragraph 30 and therefore denies it.

31.    Defendant lacks sufficient information to answer the allegation in Paragraph 31 and therefore denies it.

32.    Defendant lacks sufficient information to answer the allegation in Paragraph 32 and therefore denies it.

33.    Defendant lacks sufficient information to answer the allegation in Paragraph 33 and therefore denies it.

34.    Defendant lacks sufficient information to answer the allegation in Paragraph 34 and therefore denies it.

35.    Paragraph 35 is denied.

36.    Paragraph 36 is denied.

37.    Paragraph 37 is denied.

38.    Paragraph 38 is denied.

39.    Paragraph 39 is denied.

40.    Defendant lacks sufficient information to answer the allegation in Paragraph 40 and therefore denies it.

### d.  Plaintiff and the Proposed Class Face Significant Risk of Continued Identity Theft

41.    Paragraph 41 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendant denies the allegations and all subparts.

42.    There are no factual allegations directed at Defendant in Paragraph 42 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

43.    There are no factual allegations directed at Defendant in Paragraph 43 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

44.    There are no factual allegations directed at Defendant in Paragraph 44 to

admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

45.     There are no factual allegations directed at Defendant in Paragraph 45 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

46.     There are no factual allegations directed at Defendant in Paragraph 46 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

47.     There are no factual allegations directed at Defendant in Paragraph 47 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

48.     Paragraph 48 is denied.

49.     Paragraph 49 is denied.

### e. Defendant Knew – Or Should Have Known – of the Risk of a Data Breach

50.     There are no factual allegations directed at Defendant in Paragraph 50 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

51.     There are no factual allegations directed at Defendant in Paragraph 51 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

52.     There are no factual allegations directed at Defendant in Paragraph 52 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

53.     There are no factual allegations directed at Defendant in Paragraph 53 to

admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

**f.   Defendant Failed to Follow FTC Guidelines**

54.     There are no factual allegations directed at Defendant in Paragraph 54 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

55.     In response to Paragraph 55, Defendant admits that the FTC issued the alleged publication and purports to provide practical tips for businesses on creating and implementing a plan for safeguarding personal information.  Defendant denies Plaintiff's characterization of the publication and otherwise denies the allegations in Paragraph 55.

56.     In response to Paragraph 56, Defendant admits that the FTC issued the alleged publication and purports to provide practical tips for businesses on creating and implementing a plan for safeguarding personal information.  Defendant denies Plaintiff's characterization of the publication and otherwise denies the allegations in Paragraph 56.

57.     In response to Paragraph 57, Defendant admits that the FTC issued the alleged publication and purports to provide practical tips for businesses on creating and implementing a plan for safeguarding personal information.  Defendant denies Plaintiff's characterization of the publication and otherwise denies the allegations in Paragraph 57.

58.     In response to Paragraph 58, Defendant admits that the FTC has engaged in enforcement actions data security but denies Plaintiff's characterization of those actions and otherwise denies the allegations in paragraph 58.

59.     Paragraph 59 is denied.

**g.   Defendant Failed to Follow Industry Standards**

60.      There are no factual allegations directed at Defendant in Paragraph 60 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

61.      There are no factual allegations directed at Defendant in Paragraph 61 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

62.      Defendant admits that the NIST Cybersecurity Framework Version 1.1 and CIS CSC issued certain security standards. Defendant denies the remaining allegations in Paragraph 62.

63.      Defendant denies Plaintiff's characterizations of any alleged standard. Defendant denies any remaining allegations in Paragraph 63.

IV.      **CLASS ACTION ALLEGATIONS**

64.      Defendant admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged.

65.      Defendant admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged.

66.      Defendant admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged.

67.      Defendant admits that Plaintiff purports to bring this case as a class action, but denies that this case is appropriate for class treatment as alleged.

68.      Paragraph 68 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

a.      **Numerosity**

69.      Paragraph 69 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

70.      Paragraph 70 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

71.      Paragraph 71 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

### b.  Commonality

72.      Paragraph 72 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegations and all subparts and denies this case is appropriate for class treatment.

73.      Paragraph 73 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

### c.  Typicality

74.      Paragraph 74 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

75.      Paragraph 75 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

### d.  Adequacy of Representation

76.    Paragraph 76 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

### e.    The Proposed Class Meets F.R.C.P 23(b)

77.    Paragraph 77 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

78.    Paragraph 78 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

79.    Paragraph 79 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

80.    Paragraph 80 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

81.    Paragraph 81 contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendant denies the allegation and denies that this case is appropriate for class treatment as alleged.

82.    Defendant restates and incorporates by reference its responses to the previous allegations as if fully set forth herein.

### V.    CAUSES OF ACTION
### COUNT 1 – GROSS NEGLIGENCE AND NEGLIGENCE
### (On Behalf of Plaintiff and the Class)

83.    Defendant restates and incorporates by reference its responses to the

previous allegations as if fully set forth herein.

84.    Defendant admits that it receives certain information from tenants. Defendant denies the remaining allegations in Paragraph 84.

85.    Defendant admits that it received certain information from Plaintiff who was previously a tenant at a property managed by Defendant. Defendant lacks sufficient information to answer the remaining allegations in Paragraph 85 and therefore deny them.

86.    Denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

### COUNT TWO: VIOLATION OF LA. RS §§ 51:3071 *ET SEQ.*
### Louisiana Database Security Breach Notification Law
### (On Behalf of Plaintiff and the Class)

109.    Defendant restates and incorporates by reference its responses to the previous allegations as if fully set forth herein.

110.    There are no factual allegations directed at Defendant in Paragraph 110 to admit or deny. To the extent any remaining allegations are directed at Defendant, they are denied.

111.    Denied.

112.    Defendant admits that it is generally subject to the Louisiana Database Security Breach Notification Law. Defendant denies any remaining allegations in Paragraph 112.

113.    Denied.

114.    Defendant states that quoted language of the statute speaks for itself, but denies Plaintiff's characterization. Defendant denies any remaining allegations of Paragraph 114.

115.    Defendant states that quoted language of the statute speaks for itself. Defendant denies the remaining allegations of Paragraph 115.

116.    Denied.

VI.    **PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any of the relief requested and denies every allegation not expressly admitted.

**AFFIRMATIVE AND OTHER DEFENSES**

Further answering, and without prejudice to its denials and other statements in its pleadings, 1st Lake asserts the following affirmative and other defenses:

1.    <u>Intervening and/or Superseding Causation</u>: Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening and/or superseding causation because any alleged damages he claims to have suffered were caused by third-party criminals who are not employees or agents of 1st Lake.

2.    <u>Contributory Negligence</u>: Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence because Plaintiff's own negligent actions contributed to any alleged damages he claims to have suffered in the Complaint.

3.    <u>Comparative Negligence</u>: Persons or entities other than 1st Lake may have tortiously caused or contributed to the damages Plaintiff claims to have suffered given that the at-issue security incident was perpetrated by third-party cybercriminals. Therefore, any award made in favor of Plaintiff must be reduced by an amount equal to the percentage of fault of such others in tortiously causing or contributing to the damages alleged in the Complaint.

4.    <u>Failure to Mitigate</u>: Plaintiff has failed to mitigate, minimize, or avoid any damage he allegedly sustained because of his own handling of Plaintiff's sensitive personal information and/or response to the at-issue security incident or others. As such, recovery against 1st Lake, if any, must be reduced by Plaintiff's failure to mitigate.

5.    <u>Waiver</u>: Plaintiff's claims may be barred, in whole or in part, under the doctrine of waiver.

6.    <u>Lack of Standing</u>: Plaintiff lacks standing to assert his claim because he has not suffered any injury-in-fact that can be fairly traced to the security incident.

7.    <u>Assumption of Risk</u>: Plaintiff's claim is barred, in whole or in part, by assumption of risk because electronically stored information is always at risk of exposure and/or theft by sophisticated cyber-criminals, regardless of what steps any company takes to prevent against it.

8.    <u>Election of Remedies</u>: Plaintiff's claims are barred, in whole or in part, by the doctrine of election of remedies because he seeks inconsistent and conflicting relief that will make him more than whole.

9.    <u>Lack of Damages</u>: Plaintiff's claims are barred, in whole or in part, because he has not been damaged by the conduct alleged in the Complaint.

10.    <u>No Class Action</u>: Plaintiff's claims may not be maintained as a class action for failure to satisfy the requirements of Federal Rule of Civil Procedure 23.

## **RESERVATION OF ADDITIONAL DEFENSES**

Discovery is ongoing in this case. Therefore, 1st Lake reserves the right to assert any additional defenses that might come to its attention or might be developed during the course of this action, whether as a matter of right or by leave of the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant 1st Lake respectfully requests that the Court enter judgment for 1st Lake on Plaintiff's claims and award 1st Lake its costs for defending this action, including interest and attorneys' fees, and any other relief that the Court deems just or proper.

Respectfully submitted,

By:     */s/ Jeffrey J. Gelpi*
     Jeffrey J. Gelpi (#37130)
     **KEAN MILLER LLP**
     909 Poydras Street, Suite 3600
     New Orleans, Louisiana 70112
     Telephone: (504) 585-3050
     jeff.gelpi@keanmiller.com

     Karli Glascock Johnson (#26304)
     Alexandra E. Rossi (#35297)
     **KEAN MILLER LLP**
     400 Convention Street, Suite 700
     P. O. Box 3513 (70821-3513)
     Baton Rouge, Louisiana 70802
     Telephone: (225) 387-0999
     karli.johnson@keanmiller.com
     alexandra.rossi@keanmiller.com

     Carrie H. Dettmer Slye (pro hac vice)
     **BAKER &HOSTETLER LLP**
     cdettmerslye@bakerlaw.com
     312 Walnut Street, Suite 3200
     Cincinnati, OH 45202-4074
     Telephone: 513.929.3400
     cdettmerslye@bakerlaw.com

     Casie D. Collignon (pro hac vice)
     **BAKER &HOSTETLER LLP**
     ccollignon@bakerlaw.com
     1801 California Street, Suite 4400
     Denver, CO 80202-2662
     Telephone: 303.764.4037
     ccollignon@bakerlaw.com

     *Attorneys for Defendant 1st Lake*
     *Properties, Inc.*